**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAONAISSA WON and BRIDGET GARCIA, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Case No.: 26-CV-593<br><br>**CLASS ACTION COMPLAINT**<br><br>***Jury Trial Demanded***<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

Named Plaintiffs Caonaissa Won and Bridget Garcia ("Named Plaintiffs"), on behalf of themselves and other similarly situated individuals, by their attorneys, Virginia & Ambinder, LLP and Outten & Golden, LLP, alleges upon knowledge as to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This class action is brought against AMAZON.COM SERVICES LLC ("Defendant" or "Amazon") under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 USC §§ 4301-4335 *et seq.* ("USERRA") on behalf of current and former employees of Amazon throughout the United States, who took short-term military leave (i.e., military leaves that last 10 work days or less) from April 1, 2012 through the present (the "Paid Leave Class"), and current and former employees of Amazon throughout the United States, who took short-term military leave (i.e., military leaves that last 10 work days or less) from April 2016 through the present (the "Barriers to Access Class") (collectively, the "Classes;" the Classes and Named Plaintiffs referred to together as "Plaintiffs").

2. In 1994, Congress passed USERRA with the goal of prohibiting civilian employers from discriminating against employees because of their military service. 38 U.S.C. § 4301(a).

3. Under USERRA, 38 U.S.C. § 4316(b)(1), "a person who is absent from a position of employment by reason of service in the uniformed services shall be . . . entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence."

4. As such, an employer must provide paid military leave to the same extent that it provides paid leave for other comparable nonmilitary leaves of absence, including but not limited to jury duty, witness duty, bereavement leave, and sick leave.

5. Since at least October 10, 2004, Amazon has maintained a policy and practice of failing to pay employees when they take short-term military leave, but paying wages or salaries to employees who take short-term nonmilitary leaves, including but not limited to leaves for personal paid time off (PPT), jury duty, or bereavement.

6. Since at least April 2016, Amazon has purported to offer differential pay to employees who take military leave – i.e., the difference between their pay from Amazon and their pay from the military – but has made that benefit uniquely difficult to access compared with other paid leave benefits, resulting in many servicemembers not receiving *any* paid military leave, despite Amazon's purported benefit.

7. Amazon's failure to implement the same pay policies for short-term military leave, and to restrict access to paid-leave benefits for short-term military leave, as compared with short-term nonmilitary leave, such as jury duty or bereavement leave, constitutes a violation of USERRA's prohibition on treating military leave less favorably than other similar types of leave. 38 U.S.C. § 4316(b).

8. Named Plaintiffs bring this action for themselves, and on behalf of the

putative Classes, to recover all damages permitted under the law including but not limited to unpaid wages and lost earnings and other benefits of employment, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

9. Plaintiffs in the Barriers to Access Class further seek retrospective injunctive relief in the form of an order declaring that Amazon violated USERRA § 4316(b) by imposing "additional prerequisites" to accessing paid military leave in violation of 38 U.S.C. § 4302(b).

10. Amazon has applied these same unlawful employment policies, practices, and procedures to all employees that worked for Amazon and who took short-term military leave at all of Amazon's locations throughout the United States.

## JURISDICTION AND VENUE

11. Venue lies in the Eastern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York. Venue is also proper in this District under 38 U.S.C. § 4323(c)(2), because Amazon is "the private employer of the person[s]" who filed this action, and "maintains a place of business" in this District.

12. Jurisdiction of this Court is invoked pursuant to the USERRA, 38 U.S.C. § 4323(b)(3), and 28 U.S.C. §§ 1331 and 1337.

13. Named Plaintiffs demand that a jury trial be held for this action.

## PARTIES

### Plaintiff Caonaissa Won

14. Named Plaintiff Caonaissa Won ("Named Plaintiff Won" or "Won") is a resident of the State of New York and was formerly employed by Amazon from approximately July 1, 2019 until about September 6, 2019.

**Plaintiff Bridget Garcia**

15. Named Plaintiff Bridget Garcia ("Named Plaintiff Garcia" or "Garcia") is a resident of the State of Georgia and was formerly employed by Amazon from approximately September 2018 until about October 2022 in New York, and from approximately April 2023 until about September 2023 in Georgia.

**Defendant Amazon.com Services LLC**

16. Defendant Amazon.com Services LLC (formerly known as Amazon.com Services, Inc.) is a Delaware limited liability company registered to do business in New York, and conducts business in New York.

17. Upon information and belief, Amazon.com Services LLC, is a Delaware corporation with its principal places of business in Seattle, Washington.

18. Amazon is responsible for the hiring of Named Plaintiffs and putative Class Members and controls the terms and conditions of their employment including but not limited to setting their rate of pay, including pay for leaves of absence.

19. Amazon is a private employer and constitutes an employer with respect to Named Plaintiffs and the putative Classes within the meaning of 38 USC §§ 4303(4)(A) as it "pays salary or wages for work performed or has control over employment opportunities" for these individuals.

20. At all relevant times, Amazon is or was an employer of Named Plaintiffs and the putative Classes within the meaning of 38 USC §§ 4303(4)(A).

21. In 2020 alone, at least 8,000 Reservists and National Guard members who worked for Amazon in the United States have performed military service. (https://www.aboutamazon.com/news/workplace/recognizing-the-8-000-amazon-

reservists-and-national-guard-members-called-to-service-during-the-covid-19-pandemic).

22. In 2020 alone, Amazon employees served 20,000 days in the Reserves and National Guard. *Id.*

## CLASS ALLEGATIONS

23. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

24. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

25. The paid leave claims are brought on behalf of Named Plaintiffs and a Class consisting of current and former employees of Amazon throughout the United States, who took short-term military leave from April 1, 2012 through the present. Named Plaintiffs bring the Paid Leave Claims pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) seeking monetary damages and other make-whole relief.

26. The barriers to access claims are further brought on behalf of Named Plaintiffs and a class consisting of current and former employees of Amazon throughout the United States, who took short-term military leave from April 2016 through the present. Named Plaintiffs bring the barriers to access claims pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), and (c)(4) seeking a liability-phase determination about whether Amazon's policy for how to access differential pay violated USERRA, followed by a process by which Class Members can seek monetary damages and other make-whole relief as appropriate.

27. The putative Classes are so numerous that joinder of all members is impracticable. The size of the putative Classes is believed to be well in excess of 8,000 employees. In addition, the names of all members of the putative class are not known to Named Plaintiffs.

28. The questions of law and fact common to the putative Classes predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Amazon has a policy and practice of failing to pay employees for short-term military leave while paying its employees for other comparable short-term nonmilitary leaves such as bereavement leave and jury duty leave; (2) whether Amazon paid employees for other comparable short-term nonmilitary leaves such as jury duty service or bereavement leave; (3) whether the short-term nonmilitary leaves Amazon provides payment for to its employees are comparable to short-term military leave; and (4) whether Amazon violated USERRA § 4316(b) by imposing "additional prerequisites" to paid military leave. 38 U.S.C. § 4302(b).

29. The claims of the Named Plaintiffs are typical of the claims of the putative Classes. Named Plaintiffs and the putative Classes were all subject to Amazon's policies and willful practices of failing to pay wages and salaries for short-term military leave to the same extent that it provided pay, for other comparable short-term nonmilitary leaves, such as jury duty or bereavement leave, and to impose additional prerequisites to access military pay compared with benefits that Amazon provided for such other comparable short-term leaves.

30. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex class-action litigation to recover unpaid wages.

31. Amazon acted on grounds that apply generally to the putative Class when it imposed additional prerequisites to access military pay compared with the benefits that Amazon provided for other comparable short-term leaves.

32. Named Plaintiffs understand their obligations as class representatives, are familiar with the facts and circumstances giving rise to this action, and intend to carry out the duties of class representatives.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiffs and the putative Classes lack the financial resources to adequately prosecute separate lawsuits individually against Amazon. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Amazon's policies.

## STATEMENT OF FACTS

### Named Plaintiff Won

34. Named Plaintiff Won worked at Amazon as a fulfilment associate in the shipping department at an Amazon facility in New York State from approximately July 1, 2019, until about September 6, 2019.

35. Won was paid approximately $17.50 per hour for her work.

36. At all relevant times, Won was an Active-Duty member of the United States Army Reserve.

37. Won was required to take short-term military leaves of absence of less than ten (10) days each during her employment with Amazon to attend mandatory military training.

38. For example, Won was required to take a short-term military leave from approximately July 12, 2019 to July 14, 2019.

39. Won was required to take another short-term military leave from approximately August 3, 2019 to August 4, 2019.

40. Won engaged in military service that qualified as participation in uniformed service

within the meaning of USERRA.

41. Won properly requested, and was granted, her short-term military leaves separately to attend to her military duties.

42. Amazon did not pay Won for any of these leaves.

43. Won asked Amazon management about its policies for short-term military leave. In response, Amazon informed her that she may be eligible for differential pay (i.e. the difference between her pay from Amazon and her pay from the Army Reserve) if she met certain requirements. However, it told her she would not be eligible for full pay, such as Amazon provides for jury duty, sick leave, and bereavement leave.

44. Won was unsure about how to access differential pay because there was no option to request it through Amazon's robust Intranet available to all employees where she could request other forms of paid leave.

45. Won then asked the Human Resources ("H.R.") department at JFK8 how to request differential pay.

46. Amazon's H.R. representative directed Won to submit her paperwork at the JFK8 H.R. Service Desk. Accordingly, Won submitted her paperwork to the Service Desk.

47. Won then received conflicting information about the correct way to request differential pay. Eventually, she was directed to make an affirmative request by email or fax, with her supporting documentation, to Amazon's Disability and Leave Services Department. This request for pay was a separate request from her initial request for the days off for military leave.

48. Won submitted requests for differential pay for each of her short-term military leaves.

49. Nevertheless, despite Won's requests, Amazon did not pay Won any wages for any of her short-term military leaves in connection with her differential-pay requests.

**Named Plaintiff Garcia**

50. Named Plaintiff Garcia began working at an Amazon facility in New York State as an "inbound stow associate" in or about September 2018. She later internally transferred jobs to become a "transportation associate," after which she received her Commercial Driver's License. She continued to work for Amazon in New York State until about October 2022, and later transferred to an Amazon facility in Georgia and worked from approximately April 2023 until about September 2023.

51. Garcia was paid approximately $18 per hour for her work as an inbound stow associate, and approximately $23 per hour for her work as a transportation associate. Garcia also received a night shift differential when she worked night shifts.

52. At all relevant times, Garcia was an Active-Duty member of the United States Army Reserve.

53. Garcia was required to take short-term military leaves of absence of less than 10 days each during her employment with Amazon to attend mandatory military training. For each of the mandatory weekend drills that she was required to attend to fulfill her Reservist duties, Garcia took one to three days of leave from Amazon.

54. For example, Garcia was required to take short-term military leave to attend mandatory drills from October 17, 2020 to October 18, 2020.

55. Garcia was also required to take short-term military leave to attend mandatory drills from November 7, 2020 to November 8, 2020.

56. Garcia was also required to take short-term military leave to attend mandatory drills

from December 5, 2020 to December 6, 2020.

57. Garcia was also required to take short-term military leave to attend mandatory drills from January 9, 2021 to January 10, 2021.

58. Garcia was also required to take short-term military leave to attend mandatory drills from February 6, 2021 to February 7, 2021.

59. Garcia was also required to take short-term military leave to attend mandatory drills from March 6, 2021 to March 7, 2021.

60. Garcia was also required to take short-term military leave to attend mandatory drills from June 5, 2021 to June 6, 2021.

61. Garcia was also required to take short-term military leave to attend mandatory drills from July 10, 2021 to July 11, 2021.

62. Garcia was also required to take short-term military leave to attend mandatory drills from August 20, 2021 to August 21, 2021.

63. Garcia was also required to take short-term military leave to attend mandatory drills from September 10, 2021 to September 13, 2021.

64. Garcia was also required to take short-term military leave to attend mandatory drills from October 16, 2021 to October 17, 2021.

65. Garcia was also required to take short-term military leave to attend mandatory drills from December 3, 2021 to December 5, 2021.

66. Garcia was also required to take short-term military leave to attend mandatory drills from January 8, 2022 to January 9, 2022.

67. Garcia was also required to take short-term military leave to attend mandatory drills from March 12, 2022 to March 13, 2022.

68. Garcia was also required to take short-term military leave to attend mandatory drills from April 7 to April 10, 2022.

69. Garcia was also required to take short-term military leave to attend mandatory drills from May 14, 2022 to May 15, 2022.

70. Garcia was also required to take short-term military leave to attend mandatory drills from June 11, 2022 to June 12, 2022.

71. Garcia was also required to take short-term military leave to attend mandatory drills from July 8, 2022 to July 10, 2022.

72. Garcia was also required to take short-term military leave to attend mandatory drills August 21, 2022 to August 22, 2022.

73. Garcia was also required to take short-term military leave to attend mandatory drills from September 16, 2022 to September 18, 2022.

74. Garcia also took additional periods of short-term military leave throughout her employment at Amazon.

75. As such, Garcia engaged in military service that qualified as participation in uniformed service within the meaning of USERRA.

76. Garcia properly requested, and was granted, military leaves on each of these occasions, and others, to attend to her military service.

77. Garcia was unsure about how to access differential pay because there was no option to request it through Amazon's robust Intranet available to all employees where she could request other forms of paid leave.

78. In or around December 2018, Garcia's co-worker informed her that she could apply for differential pay through H.R. Garcia sent a message to H.R. through Chime, Amazon's internal

messaging system. An H.R. representative told Garcia to submit her Leave and Earnings Statement from the military to receive differential pay. Garcia submitted her Leave and Earning Statements, but never heard back from H.R. and never received differential pay.

79. In or around mid-2021, Garcia and her manager, Gean Ayo, who also served in the military at that time, had a conversation about their respective military roles and assignments. During that conversation, Mr. Ayo asked Garcia if she was receiving military differential pay from Amazon, and Garcia said she was not. Mr. Ayo told Garcia that he would look into it. Garcia submitted her Leave and Earnings Statements from the Army to H.R. following that conversation. However, Garcia never heard anything back from Mr. Ayo or H.R. Garcia did not receive differential pay as a result of this conversation.

80. Garcia did not try to request differential pay again after these two attempts because she found the process of requesting it cumbersome and futile, since Amazon did not provide her with the differential pay even when she complied with Amazon's cumbersome process.

**Common Allegations**

81. Amazon does not provide fully paid leave to employees who take short-term military leave, unless they use their scarce PPT days.

82. When employees take other comparable short-term leaves for nonmilitary reasons, such as PPT, jury service or bereavement, Amazon provides fully paid leave (up to a certain amount).

83. For example, Amazon gives employees full pay for at least ten (10) days of leave for jury duty or if they are subpoenaed as a witness in a court case. Amazon also gives employees full pay for at least three (3) days for bereavement leave. Amazon gives

employees up to six consecutive days of PPT for Work Group F, four and a half consecutive days for Work Group R, and three consecutive days for Work Group H, that employees can use to deal with a personal matter that arises outside of work, or when they are ill.

84. The right to and/or benefit of payment by Amazon for short-term nonmilitary leaves such as PPT, bereavement, or jury duty is not based on the seniority of an employee.

85. Amazon makes it easy to request and receive pay for bereavement leave, jury leave, and PPT. Employees simply go to Amazon's employee intranet and request the leave, request that the leave be paid, and have the option to submit any documentation, all on an integrated central portal.

86. By contrast, when an Amazon employee wants to request differential pay for their short-term military leave, there is no information to be found on the leave request form; rather, they must find and read a separate policy document that then directs them make a separate affirmative request by email or fax, with supporting documentation, to Amazon's Disability and Leave Services department.

87. Since at least April 2016, Amazon has maintained this policy and practice of imposing additional prerequisites to access differential military leave pay that it does not impose on access to paid leave for employees taking comparable forms of short-term nonmilitary leave. In doing so, Amazon made paid-short-term military leave uniquely hard to access.

88. Short-term leaves, such as jury duty, bereavement, and PPT leave, are comparable to military leave with respect to the duration of these leaves and their nature.

89. Jury duty, bereavement, PPT, and short-term military leave are all available to employees for situations arising outside of work that are involuntary in nature. The circumstances and conditions necessitating these types of leave do not arise within an employee's discretion. As

such, an employee does not have the option of choosing when to take a given stretch of military, jury duty, bereavement, or PPT leave.

90. Jury duty, bereavement, PPT, and short-term military leave typically last approximately several days to two weeks.

91. Both jury duty and military service are compulsory, legally required types of service that may require a leave from employment. Jury duty and military service also share the common objective of serving the public interest.

92. Similarly, bereavement leave arises from an involuntary occurrence – typically the death of an immediate family member – which also may require an individual to take leave from employment to attend a funeral, manage family personal affairs, or to grieve.

93. Likewise, PPT covers involuntary obligations that arise outside of work, such as illness; Amazon relies on its PPT policy to comply with state laws mandating paid sick leave.

94. Like Named Plaintiffs, the putative Class Members took short-term military leave to fulfill their obligations as uniformed service members, and thus engaged in military service that qualified as participation in uniformed service within the meaning of USERRA.

95. Like Named Plaintiffs, Amazon failed to provide the putative Class Members with pay for their short-term military leave to the same extent that they paid employees for comparable short-term nonmilitary leaves such as bereavement or jury service, both by not providing full pay and by making military differential pay uniquely difficult to access.

96. Amazon continues to provide a non-seniority right or benefit of paid short-term leave to employees for nonmilitary reasons, such as PPT, bereavement, or jury duty service, but denies this benefit and right to employees taking short term-leave to perform military service.

97. Accordingly, Amazon treats military leave less favorably than it treats nonmilitary leave.

98. Amazon's unfavorable treatment of military leave, by failing to pay for short-term military leave to the same extent that it pays for comparable short-term nonmilitary leave, is willful.

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE EQUAL RIGHTS AND BENEFITS**
**IN VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**
**(On behalf of Named Plaintiffs and the Fed. R. Civ. P. 23 (b)(3) Class)**

99. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

100. Under USERRA, uniformed service members' military leave cannot be treated less favorably than other forms of similar leave provided to employees.

101. Pursuant to USERRA, 38 U.S.C. § 4316(b)(1), "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

102. 38 U.S.C § 4303(2) defines "rights and benefits" as "the terms, conditions, or

privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

103. Pay during a leave of absence, including an employee's normal compensation rate, wages, or salaries constitute "rights and benefits" within the meaning of section 38 U.S.C § 4303(2).

104. Pursuant to regulations promulgated by the U.S. Department of Labor implementing USERRA § 4316(b)(1), "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b). "In order to determine whether any two types of leave are comparable, the duration of the leave may be the most significant factor to compare." *Id*. "In addition to comparing the duration of the absences, other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id*.

105. Amazon violated USERRA by failing to provide paid leave to employees on short-term military leave to the same extent that Amazon provided paid leave to employees on comparable forms of short-term nonmilitary leave, such as PPT, jury leave, or bereavement leave.

106. Amazon provided, and continues to provide, a non-seniority right or benefit of paid short-term leave to employees for nonmilitary reasons such as PPT, bereavement, or jury duty service, but denies this benefit and right to employees taking short term-leave to perform military service.

107. Amazon's unfavorable treatment of military leave, by failing to pay for short-term military leave to the same extent that it pays for comparable short-term nonmilitary leave, is willful.

108. Based on the foregoing, Amazon is liable to Plaintiffs in an amount to be determined at trial, for all damages permitted under the law including but not limited to unpaid wages and lost earnings and other benefits of employment, liquidated damages, pre- and post-judgement interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE EQUAL RIGHTS AND BENEFITS**
**<u>IN VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)</u>**
**(On behalf of Named Plaintiffs and the Fed. R. Civ. P. 23 (b)(2), (b)(3), and (c)(4) Class)**

109. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

110. Under USERRA, uniformed service members' military leave cannot be treated less favorably than other forms of similar leave provided to employees.

111. Pursuant to USERRA, 38 U.S.C. § 4316(b)(1), "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of

such service or established while such person performs such service."

112. 38 U.S.C § 4303(2) defines "rights and benefits" as "the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

113. Pursuant to 38 U.S.C. § 4302(b), the "right and benefits" offered pursuant to USERRA must be provided without "the establishment of additional prerequisites to the exercise of any such right."

114. Amazon violated USERRA by establishing additional prerequisites to access paid military leave for employees on short-term military leave to the same extent that Amazon provided access to paid leave to employees on comparable forms of short-term nonmilitary leave, such as PPT, jury leave, or bereavement leave.

115. Upon information and belief, Amazon provided, and continues to provide, a non-seniority right or benefit of paid short-term leave to employees for nonmilitary reasons such as bereavement or jury duty service, but imposes additional barriers to accessing comparable benefits for employees taking short term-leave to perform military service.

116. Upon information and belief, Amazon's unfavorable treatment of military leave, by failing to provide access to short-term military leave to the same extent that it

provides access to comparable short-term nonmilitary leave, is willful.

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Amazon, demand judgment:

(1) On the First Cause of Action against Amazon, for all damages permitted under USERRA in an amount to be determined at trial, including but not limited to unpaid wages and lost earnings and other benefits of employment, plus liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs;

(2) On the Second Cause of Action, a liability-phase ruling that Amazon violated USERRA §§ 4316(b) and 4302(b) by failing to provide access to paid leave, without additional barriers, to Class Members for their short-term military leave to the same extent that it provided pay to employees for comparable short-term nonmilitary leaves, followed by a process through which Class Members can seek monetary damages and make-whole relief as appropriate; and

(3) Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: New York, New York
February 3, 2026

By: *Michael J. Scimone*

Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Tel.: (212) 245-1000
Fax: (646) 509-2060
Email: mscimone@outtengolden.com

Jennifer Davidson
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 2005
Tel.: 202-847-4412
Fax: (202) 847-4410
Email: jdavidson@outtengolden.com

LaDonna M. Lusher
Alanna R. Sakovits
**VIRGINIA & AMBINDER, LLP**
40 Broad Street, 7th Floor
New York, NY 10004
Tel.: (212) 943-9080
Fax: (212) 943-9082
Email: llusher@vandallp.com
Email: asakovits@vandallp.com

*Attorneys for Plaintiffs and the putative Classes*